Per Curiam.
 

 An attachment issued against the defendants at the instance of the plaintiffs, in the year of our Lord 1812, upon which judgment was entered, October, 1813. A petition for a
 
 certiorari
 
 was obtained for W. Boyce by N. Boyce, November, 1814, and a
 
 certiorari
 
 issued, and a transcript of the record, which was dismissed in the Circuit Court in the year 1815. A new petition was then filed for another certiorari, by William Boyce, and another by Nancy Boyce, the administratrix of John Boyce, deceased, which were consolidated by consent. It was dated in November, 1815, and was dismissed in April, 1817. The petitioners state that John was dead at the date of the attachment, and that William was a non-resident; that they were infants when they executed the bond on which the judgment aforesaid was rendered.
 

 Was the first
 
 certiorari
 
 proper? Is the dismissal thereof a bar to the second
 
 certiorari?
 

 The first certiorari, if for reversal, was not proper; a writ of error lay for the correction of any error on the proceedings. The judgment on the attachment is a judgment in the common law form. A
 
 certiorari
 
 for reversal only lies in such cases where special jurisdictions are exercised, differing from the common law forms, and acting under the directions of the law which constitutes them, as justices acting for the removal of paupers, and in such like cases, or other commissioners, acting as directed by some statute. Their orders or sentences are not recognized as common law judgment. They are not introduced by an
 
 ideo consideratum est;
 
 but in the form prescribed in the statute.
 

 * Nor was the first
 
 certiorari
 
 in this case proper as
 
 a sub-stitutefor an appeal
 
 when prevented or frustrated by fraud or accident, for there the judgment is superseded only so far as a regular appeal would have superseded it. The party using it for this purpose must not postpone his application to an unreasonable period. A judgment not appealed from nor attempted to be appealed from, becomes exempt from being superseded, after the term is over when the appeal should have been moved for. If an appeal was attempted
 
 *346
 
 or defeated, then it may be superseded, as an appeal would have superseded it, by
 
 certiorari
 
 removing it to that term of the Superior Court to which an appeal would have removed it, or perhaps to the next term after, if any unavoidable obstacle hindered a removal to the first term. Judgments would be very infirm and unstable if they could be removed without limitation of time by
 
 certiorari,
 
 and new trials be granted upon them on affidavits. For new trials might thus with great facility be procured, when the evidence upon which they were rendered became extinct or not to be produced. What judgment could stand if this were allowable ? The law would prohibit a reversal by writ of error, where the veracity of a record might be proceeded upon, and at the same time be set aside by a mere affidavit. Nothing could be more pernicious. He who obtains judgment and receives money under it, would be forever liable to refund it, when his evidence was lost by death, removal, accident, or time. Matters of record of the highest solemnity would thus be invalidated by a simple affidavit for procuring the
 
 certiorari,
 
 made by the party procuring it. The practice is (however erroneous) not to dismiss it on counter affidavits, if enough is stated and sworn to to render it probable that a new trial ought to be granted. A
 
 certiorari
 
 obtained for this latter purpose, ought to be a bar to the second
 
 certiorari
 
 for the same purpose,
 
 [1]
 
 otherwise verbal allegations * against the judgment might be brought forward
 
 ad infinitum.
 
 A
 
 substitute
 
 for the appeal would be made to effect purposes which an appeal itself never could. Every
 
 cer-tiorari
 
 of this sort should be supported by an allegation, stating a disappointment in obtaining the appeal at the time prescribed by law.
 

 Both writs of
 
 certiorari
 
 -were properly dismissed.
 

 Affirm the judgment of the Circuit Court.
 

 See
 
 Perkins
 
 v.
 
 Hadley,
 
 4 Hay. 143;
 
 Tipton
 
 v.
 
 Anderson,
 
 8 Yer. 222;
 
 Love
 
 v.
 
 Hall,
 
 3 Yer. 408;
 
 Nance
 
 v.
 
 Hicks,
 
 1 Head, 624;
 
 McMurray
 
 v.
 
 Milan,
 
 2 Swan, 176;
 
 Johnson
 
 v.
 
 Dew,
 
 5 Hay. 224; King’s Digest, 1908, 1936-40.
 

 [1]
 

 Unless in cases where a dismission takes place without a fair and full examination of the facts stated in it.